# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-2129-RGK (SSx)** | Date | March 25, 2015 |
|---|---|---|---|
| Title | ***JUDITH WINKEL and JOHN WINKEL v. COLGATE-PALMOLIVE CO., et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On March 23, 2015, Defendant Colgate-Palmolive Company ("Colgate") removed this action from the Los Angeles County Superior Court to the United States District Court, Central District of California on the basis of diversity jurisdiction.

Subject matter jurisdiction based on 28 U.S.C. § 1332 requires complete diversity between parties and an amount in controversy exceeding $75,000. "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). A court may ignore a sham defendant's presence in the lawsuit for purposes of diversity jurisdiction. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A party is fraudulently joined, or a "sham defendant," "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[.]" *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citing *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987)). Where a defendant invokes diversity jurisdiction on the ground of a fraudulently joined defendant, the removing defendant bears the heavy burden of showing that the settled rules of California clearly prevent the plaintiff from maintaining causes of action against the non-diverse defendant(s). Not only is there a general presumption against fraudulent joinder, but fraudulent joinder must also be shown by clear and convincing evidence. *Hamilton Materials*, 494 F.3d at 1206.

This is an asbestos case wherein Plaintiffs allege that they suffer injury as a result of exposure to the defendants' products. Colgate states that, although Defendants Calaveras Asbestos, Ltd. and W.W. Henry Company are California citizens, those defendants are fraudulently joined, and should not be considered for purposes of determining diversity jurisdiction. However, based on the face of the Complaint, it is not clear that Calaveras and W.W. Henry ("Non-diverse Defendants") were fraudulently joined. Moreover, trial in this matter had been set for March 30, 2015, and according to Colgate's own Notice of Removal, Plaintiffs has recently prevailed in motions for summary judgment filed by the Non-

diverse Defendants. Therefore, the Non-diverse Defendants remain in the case. Colgate's primary argument is that Plaintiffs' claims against the Non-diverse Defendants rely on testimony of an expert that Plaintiffs have declined to offer for deposition or identify as an expert witness for trial. Colgate further argues that Plaintiffs will not be presenting any other expert at trial to testify as to causation relating to the Non-Diverse Defendants. These arguments, however, fail to meet the burden of establishing fraudulent joinder. Therefore, the Court finds that the presence in this action of the Non-diverse Defendants, who are undisputedly California citizens, defeats diversity jurisdiction.

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

:

Initials of Preparer